IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| TYSHON LAVELL FREEMAN, | ) | CASE NO.1:20-CV-02323 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION AND |
| SECURITY. | ) | ORDER |
| | ) | |
| Defendant, | ) | |

**Introduction**

Before me[1] is an action under 42 U.S.C. §405(g) by Tyshon Lavelle Freeman for

judicial review of the 2019 decision of the Commissioner of Social Security that denied

Freeman's 2018 application for disability insurance benefits and supplemental security

income.[2] The Commissioner has filed the transcript of the administrative proceedings.[3]

Pursuant to my initial[4] and procedural[5] orders, the parties have briefed their positions[6] and

---

[1] The parties have consented to my exercise of jurisdiction and the matter was transferred
to me by United States District Judge John R. Adams. ECF No. 16.
[2] ECF No. 1.
[3] ECF No. 12. Under Local Rule 16.3.1(d) the filing of a certified copy of the
administrative record "shall suffice as the [Commissioner's] answer."
[4] ECF No. 6.
[5] ECF No. 13.
[6] ECF Nos. 17 (Freeman), 20 (Commissioner), 21 (Freeman reply).

filed supplemental fact sheets and charts.[7] The parties have met and conferred with the goal of reducing or clarifying the issues.[8] They have participated in a telephonic oral argument.[9]

For the following reasons, the decision of the Commissioner is affirmed.

## Facts

Freeman, who was 50 years old at the time of the hearing,[10] has an eleventh-grade education[11] with past relevant work as a material handler, cashier, and general foundry worker.[12] The ALJ found that Freeman has the following severe impairments: pancreatitis, diabetes mellitus, diabetic peripheral neuropathy, essential hypertension, weight loss status post hernia repair, gallbladder, spleen and pseudocyst surgeries, depressive disorder, anxiety disorder and post-traumatic stress disorder.[13] The ALJ then further found that Freeman does not have an impairment of combination of impairments that meet or medically equal a listing, paying particular attention to Listings 11.14 (peripheral neuropathies), 11.04B (central nervous system vascular accidents), 12.04 (affective disorder) and 12.06 (anxiety related disorders).[14] In addressing the paragraph B criteria of

---

[7] ECF Nos. 18 (Freeman), 20, Attachment (Commissioner).

[8] ECF No. 22.

[9] ECF No. 24.

[10] Tr. at 31, 93. I note that a previous application for benefits was denied by an ALJ in 2016, which decision was upheld by the Appeals Council. *Id*. at 65-85, 85-92. Thus, the relevant period of potential disability begins at November16, 2016.

[11] *Id*. at 252.

[12] *Id*. at 23.

[13] *Id*. at 18.

[14] *Id*. at 18-19.

Listings 12.04 and 12.06, which are identical,[15] the ALJ found that Freeman had moderate limitations in the areas of understanding, remembering and applying information, as well as concentration, persistence and pace, while finding only mild limitations in the remaining two areas.[16]

The ALJ concluded that Freeman has an RFC for light work with some additional physical and mental limitations.[17] In arriving at that conclusion, the AFC considered Freeman's testimony at the hearing which, as the ALJ characterized it, alleged a very limited ability to walk, lift and stand, but also indicated "minimal mental symptoms."[18] The ALJ further noted that the 2019 records review by state agency physician Gerald Kloyp, M.D. was unpersuasive because, as Dr. Klyop noted, Freeman failed to appear at a consultative examination with Dr. Kylop, resulting in an Dr. Klyop's inability "to assess the totality of [Freeman's] complaints."[19]

After concluding that Freeman was capable or performing his past relevant work as a cashier under the RFC, the ALJ, with the assistance of testimony from a VE, alternatively found that Freeman could perform the duties of marker, garment sorter, and classifier, and further found that jobs in significant numbers exist in the national economy for all named occupations.[20]

---

[15] *Lara v. Berryhill*, 2017 WL 5952725, at *4 (S.D. Texas Nov. 28, 2017).
[16] Tr. at 19.
[17] *Id*.
[18] *Id.* at 20.
[19] *Id*. at 22.
[20] *Id*. at 24.

Therefore, Freeman was found not disabled.

## Analysis

This matter is reviewed under the well-established substantial evidence standard which need not be restated here.

Freeman raises two issues on judicial review:

1.      While formulating the RFC, the ALJ assessed a physical RFC finding that is unsupported by any opinion, though there is a professional opinion that further evidence is required, resulting in a failure of the ALJ's duty to develop the record.[21]

2.      The ALJ failed to explain his analysis of Freeman's subjective report of symptoms.

As is clear from the briefs and the oral argument, the dominant issue here is whether the ALJ erred by not further developing the record in light of Dr. Klyop's 2019 observation that there was insufficient evidence to assess the totality of Freeman's complaints. The essential facts in this instance are a sad snapshot of what may be assumed to be the situation of many claimants.   Apparently, Freeman agreed to undergo a consultative examination in August 2018 when contacted by the state agency.[22]But, when the state agency attempted

---

[21] ECF No. 17 at 12-14.
[22] Tr. at 122.

in November and December of 2018 to confirm that acceptance and arrange the examination, the agency was not able to connect with Freeman.

To that point, Freeman notes that on January 25, 2019, he was living at a homeless shelter,[23] suggesting, but not proving, that he was in such a situation in the preceding months. In any event, it appears undisputed that Freeman did not attend the consultative examination the state agency was arranging for him and that the state agency, after two unsuccessful attempts to contact Freeman, made no further attempts at contacting Freeman nor sought any explanation as to why Freeman failed to respond to calls for a procedure he had agreed to.

On these facts, we are left, as noted, with Freeman claiming that it was the ALJ who erred by failing to develop the record. The Commissioner, in turn, stated that it is the claimant's duty to prove his claim and provide a record detailed enough to enable a disability determination.[24]

I find that the Commissioner has the better argument. While, as observed earlier, it would indeed be unfortunate if Freeman missed the calls from the state agency because of homelessness, it remains true that he has the burden of proving his claim. Far from failing to develop the record, the ALJ here recognized the need for the consultative examination[25]

---

[23] ECF No. 21 at 2.
[24] ECF No. 20 at 4 (citations omitted).
[25] *Landsaw v. Sec'y of HHS*, 803 F.2d 211, 214 (6th Cir. 1986).

and acted appropriately. But having ordered the consultative examination, the ball returned to the claimant's court.

In *Hornyak v. Commissioner of Social Security*,[26] the court confronted a very similar situation to this matter where the state agency scheduled a consultative examination that the claimant did not attend and subsequently that physician found insufficient evidence of record on which to opine on disability becsuse of the claimant's failure to cooperate.[27] The *Hornyak* court, also as here, found nothing in the record to show that the claimant or her counsel requested a new date for the consultative appointment or provided an explanation on the record as to why she failed to appear for the examination.[28]

*Hornyak* then noted that under the regulations, a claimant's application can be denied for failing to appear, without good reason, at an examination the agency schedules.[29] Moreover, also according to the regulations, if, the agency having made an effort to obtain evidence, the evidence sought is not obtained or is insufficient to determine disability, "[the agency] will make a determination or decision based on the evidence we have."[30]

In sum, I find no error by the ALJ as regards his actions regarding the consultative examination that Freeman, without an on the record reason, did not attend.

---

[26] 2016 WL 1255288 (W.D. Pennsylvania March 30, 2016).
[27] *Id*. at *2, fn. 1.
[28] *Id*.
[29] *Id*., citing 20 CFR §§ 404.1518(a), 416.918(a).
[30] *Id*., citing 20 CFR §§ 404.1520b(d), 416.b(d).

Further, I find no error in the ALJ formulating the RFC with the evidence available. As noted above, that is in express conformity with the regulations. Moreover, it is the ALJ alone who ultimately formulates the RFC,[31] and in doing so there is no legal requirement that a physician must first have made the particular findings the ALJ adopts in the RFC.[32] I further note, as discussed above, that the so-called *Deskins*[33] rule, as clarified in *Kizys*,[34] would appear inapposite here, where the ALJ did order a consultative examination.

As to the matter of the ALJ's discussion of Freeman's subjective complaints, as detailed earlier, that the ALJ characterized Freeman's testimony at the hearing about physical symptoms as stating he had a "very limited" ability to walk, stand, or lift because of back, abdominal, hip, and knee pain, as well as difficulty due to neuropathy.[35]

But, in assessing the credibility of those complaints, the ALJ, after noting Freeman's hospitalizations for pancreatitis, found that his symptoms were exacerbated by drug and alcohol use.[36] He further found that although Freeman was required to follow up after being treated for thrombosis, he did not do so and was discharged from the anticoagulation clinic after multiple phone calls and letters.[37]

---

[31] 20 CFR §§ 404.1527(d)(2), 404.1546(c), 416.927(d), 416.946(c); SSR 96-5p, 1996 WL 374183 (SSA 1996).
[32] *Tucker v. Comm'r*, 775 Fed. Appx. 220, 226 (6th Cir. 2019).
[33] *Deskins v. Comm'r*, 605 F.Supp. 2d 908 (N.D. Ohio 2008).
[34] *Kizys v. Comm'r*, 2011 WL 5024866 (N.D. Ohio Oct. 21, 2011).
[35] Tr. at 20.
[36] *Id.* at 21-22.
[37] *Id.* at 21.

In addition, the ALJ found that a January 2019 x-ray of the left hip showed no fracture or dislocation and further exam findings were of a normal gait, normal reflexes and intact sensation.[38]Moreover, the ALJ noted that a 2019 exam of Freeman's left leg after he complained of pain showed no infection, intact tibia and fibula, and was negative for peripheral vascular disease.[39]Similarly, a 2019 spinal outpatient examination at the Cleveland Clinic showed that the thoracic, cervical and lumbar spines were normal, motor exam was 5/5 in al muscle groups, the sensory exam was normal, and Freeman's gait was normal.[40]He was referred for pain management and physical therapy but made no appointments.[41]

Freeman here seems to be arguing that the ALJ failed to do more than cite the objective evidence.[42]I find that the ALJ both thoroughly reviewed the clinical evidence and the consistent record of Freeman's failure to follow recommended treatment[43]in finding that his claims of disabling pain were not consistent with the evidence.[44]I further find that the ALJ's analysis in this regard was sufficiently set forth so as to be fully capable of judicial review.

---

[38] *Id*. at 21.

[39] *Id*.

[40] *Id*.

[41] *Id*.

[42] ECF No. 17 at 15.

[43] *Sias v. Sec'y of HHS,* 861 F.2d 475, 480 (6th Cir. 1988). Claimant's failure to follow prescribed treatment undercuts credibility regarding subjective functional limitations. "The Social Security Act did not repeal the concept of individual responsibility."

[44] Tr. at 20.

## Conclusion

Accordingly, for the reasons stated, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated: March 30, 2022

Signed by:

 s/William H. Baughman Jr.
United States Magistrate Judge